FILED
United States Court of Appeals
Tenth Circuit

December 17, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SERVANDO RIVERA-MORALES,

Defendant-Appellant.

No. 09-2205
(D.C. No. 1:09-CR-01412-JEC-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LUCERO**, and **HOLMES**, Circuit Judges.

---

Servando Rivera-Morales pleaded guilty pursuant to a plea agreement to illegally reentering the United States after having been previously removed, in violation of 8 U.S.C. §§ 1326(a) and (b). The district court determined that under the terms of the plea agreement, the guidelines sentencing range was 21 to 27 months' imprisonment. The court imposed a sentence at the bottom of that range at 21 months. In his plea agreement, Mr. Rivera-Morales agreed to waive his

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

right to appeal any sentence imposed within the applicable guidelines range and in conformity with the plea agreement. Despite this appeal waiver, he filed a notice of appeal.

The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, Mr. Rivera-Morales's counsel filed an *Anders* brief and requested permission to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines case and determines that appeal would be wholly frivolous). Noting that Mr. Rivera-Morales desires to appeal his sentence, counsel states that upon review of the record and applicable law he found no reasonable ground for appeal. We gave Mr. Rivera-Morales an opportunity to file a pro se response to the motion to enforce. *See id.* To date, he has not done so.

Nevertheless, as required by *Anders*, we have conducted an independent review of the plea agreement, plea hearing transcript, sentencing hearing transcript, and motion to enforce. *See id.* We conclude that the requirements for enforcing the plea waiver have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights;" (2) Mr. Rivera-Morales "knowingly and voluntarily waived his appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

We therefore GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.  Also, we GRANT Mr. Rivera-Morales's counsel's motion to withdraw.

ENTERED FOR THE COURT
PER CURIAM